# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| BARTON MIMS and TERRY MIMS, | Civil Action No. 1:23-cv-00165-MGL |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| LOWE'S HOME CENTERS, LLC, | *Jury Trial Demanded* |
| Defendant. | |

COME NOW Plaintiffs Barton Mims and Terry Mims and file this Complaint for Damages against Defendant Lowe's Home Centers, LLC and alleges as follows:

**Parties, Jurisdiction, & Venue**

1. Plaintiffs Barton Mims ("Mr. Mims") and Terry Mims (collectively as "Plaintiffs") are married and citizens of Aiken County, South Carolina residing at 2772 Green Pond Road in Jackson, South Carolina 29831.

2. Defendant Lowe's Home Centers, LLC ("Defendant") is, upon information a belief, a North Carolina limited liability company whose members are residents and/or citizens of the State of North Carolina and who may be served through their registered agent, Corporation Service Company, whose address is 508 Meeting Street, West Columbia, South Carolina 29169.

3. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because there is a complete diversity of citizenship of the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of the interests and costs.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to this claim occurred in Aiken County, South

1

Carolina.

## Factual Allegations

5. Defendant operates a retail store at or near 2470 Whiskey Road in Aiken, South Carolina. Defendant offers for sale appliances, tools, building supplies, and other home improvement items.

6. On March 3, 2020, Plaintiff Mr. Mims, a customer and business visitor or invitee, purchased a chest freezer. After purchasing the chest freezer, Mr. Mims was advised that a Lowe's employee(s) would load the chest freezer into his vehicle at the loading area.

7. Mr. Mims entered the premises with the assurance that Defendant exercised reasonable care to prepare the premises, including its loading area, and make it safe while he was there.

8. Mr. Mims entrance and occupation of Defendant's store and loading area was directly connected to and with the Defendant's retail store. His entrance and occupation was also of mutual interest and advantage to Defendant.

9. Defendant's employee or agent, Allen Fuller, acting in the course and scope of his employment, requested Mr. Mims assist in loading the chest freezer into Mr. Mims' truck bed.

10. Mr. Mims exercised reasonable care during his occupation of the premises and loading area and in assisting with loading the chest freezer into the truck.

11. Defendant's employee, acting in the course and scope of his employment, then dropped his end of the chest freezer causing Mr. Mims to bear the full weight of the chest freezer.

12. As a result, Mr. Mims suffered injuries to his right shoulder and arm, including surgery to his right shoulder.

13. Moreover, Mr. Mims' injuries are permanent in nature and have forever limited his physical and emotional capability with regard to the performance of many of the tasks related to both his personal and professional life.

14. The neglect of Defendant and injuries of Mr. Mims were foreseeable to Defendant.

**For a First Cause of Action**
**(Negligence & Gross Negligence)**

15. Plaintiffs reincorporate each and every allegation from the preceding paragraphs as if repeated herein verbatim.

16. Defendant had a duty to Mr. Mims, its customer, invitee and business visitor, to exercise reasonable or ordinary care for his safety. This duty included, but was not limited to, refraining from any act which made Mr. Mims's use of the premises dangerous.

17. Defendant breached its duty and was negligent in one or more of the following ways:

   a) failing to provide reasonably safe premises;

   b) failing to provide the assurance of preparation and reasonable care for Mr. Mims' protection;

   c) failing to provide adequate assistance in loading merchandise, appliances, or other products into customers vehicles, including chest freezers;

   d) failing to provide sufficient staff/employees to assist customers with loading merchandise, appliances, or other products into customers vehicles, including chest freezers;

   e) failing to abide by Defendant's own rules, protocols, policies, and/or procedures associated with loading merchandise, appliances, or other products into customers vehicles, including chest freezers; and

   f) such other actions and inaction to be proven at trial.

18. As a direct and proximate result of Defendant's negligent, gross negligent,

careless, and reckless conduct, Plaintiff Mr. Mims sustained severe and permanent injuries.

## For a Second Cause of Action
### (Negligent Hiring, Training, and Supervision)

19. Plaintiffs reincorporate each and every allegation from the preceding paragraphs as if repeated herein verbatim.

20. Defendant owed a duty to Plaintiff Mr. Mims and its other invitees, business visitors, customers, guests, and patrons to hire, train, and supervise employees and agents who are competent and/or suited for the particular employment for which they were hired.

21. Defendant breached its duty of care to Plaintiff Mr. Mims and was negligent, *inter alia*, in hiring, training, and supervising its employee when it knew, or should have known, that he was not competent and/or not suited for the particular employment for which he was hired, including but not limited to, the failure to adequately train employees regarding the safe transfer of heavy merchandise, appliances, or other products.

22. As a direct and proximate result of Defendant's breach, Plaintiff Mr. Mims suffered severe and permanent damages.

## For a Third Cause of Action
### (Loss of Consortium)

23. Plaintiff Terry Mims reincorporates each and every allegation from the preceding paragraphs as if repeated herein verbatim.

24. As a direct result of the actions or inactions averred above, Plaintiff Terry Mims, as wife of Mr. Mims, is entitled to recover for the full value of damage to her marriage and partnership with Mr. Mims due to the acts and omissions of Defendant, including, but not limited to, the right arising out of her marriage relationship to the love, companionship, and conjugal affection of her husband. Further, as a direct result of the acts and omissions alleged herein, Mrs.

Mims has been, and will continue to be, deprived of her husband's companionship, aid, society, support and services.

**WHEREFORE**, Plaintiffs hereby demand a jury trial and respectfully pray for a judgment against Defendant for actual damages; nominal damages, in a constitutionally permissibly amount; that Plaintiff Terry Mims recover a judgment against the Defendant in the form of actual and compensatory damages for her loss of consortium claim; for the costs of this action, including attorneys' fees; and for such other and further relief that the Court may deem just and proper.

JURY TRIAL DEMANDED

Submitted the 12th day of January 2023.

HAWK LAW GROUP

s/ A. Keith McAlister, Jr.
A. Keith McAlister, Jr. (Fed. ID 11651)
156 Laurens Street NW
Aiken, South Carolina 29801
Telephone: 803-226-9089
Fax: 866-295-0234
kmcalister@hawklawgroup.com

*Attorney for Plaintiffs*